NO. 07-01-0081-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 29, 2001

______________________________

MARCELINO HERNANDEZ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 39,636-A; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Marcelino Hernandez (appellant) appeals his felony conviction for indecency with a child.  Appellant pled not guilty to the offense and the case was tried to a jury.  Upon conviction, the jury assessed punishment at seven years in prison.  Thereafter, appellant timely filed his notice of appeal.   Appellant’s appointed counsel filed an 
Anders
(footnote: 1) brief, representing to us that she believed the appeal to be meritless.  So too did she move to withdraw.   Appellant was informed by this Court, via letter dated July 31, 2001, of his right to review the record and file a pro se brief by August 29, 2001.  

 
 On August 20, 2001, appellant filed with this court a document entitled “Brief Pro Se.”  In it, he raises two issues.  They involved a disqualified juror supposedly sitting on the jury and the introduction of a prior conviction which allegedly misidentified him as the one convicted.   Neither are meritorious for the following reasons.

As to the supposed disqualified juror, appellant contends that a bias juror by the name of “Ms. Nicklaus” was improperly seated.  Our review of the record, however, fails to show that any juror by that name was selected to sit on the jury.  Thus, we overrule his first issue. 

Regarding the prior conviction, we see the record contains a complaint, an information, a stipulation and a judgment regarding appellant’s conviction for DWI in Moore County, Texas.   Also contained in these documents is information stating that he had been convicted of a prior DWI in El Paso, Texas.  There was no objection lodged to the admission of these documents.  Because there was no objection lodged, appellant failed to preserve any complaint regarding their admission.  
See 
Tex. R. App. P. 
33.1.  Thus, we overrule appellant’s second issue.

As to the 
Anders
 brief itself, appellate counsel did raise two possible arguments.  The first involved the supposed improper comment upon appellant’s right to testify during voir dire, and the second concerned trial counsel’s effectiveness.  However, appellate counsel explains why neither are meritorious.  After conducting an independent review of the record and legal authority to assess the accuracy of counsel’s representation, 
see Stafford v. State
, 813 S.W.2d 503 (Tex. Crim. App. 1991) (requiring same), we agree with appellate counsel’s analysis and conclude that there exists no arguable basis for appeal.  

Accordingly, appellate counsel’s motion to withdraw is granted and the judgment is affirmed.                                                                                    

          

Brian Quinn

    Justice

 Do not publish.  

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).